IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**SANDRA MCCULLOUGH,**

    **Plaintiff,**

vs.

                                                    Civ. No. 03-0006 LCS/KBM

**PRESBYTERIAN HEALTHCARE SERVICES,
INC. d/b/a/ LINCOLN COUNTY MEDICAL
CENTER,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant's Motion for Summary Judgment filed on August 18, 2003 (Doc.26). The United States Magistrate Judge, acting upon consent and designation pursuant to 28 U.S.C. § 636, and having considered the record, arguments of counsel, relevant law, and being otherwise fully advised, finds that the Motion cannot be granted on all issues and is therefore **DENIED IN PART**; however, the motion is **GRANTED IN PART** with regard to punitive damages.

**I.     Background.**

This case arises out of personal injuries sustained from the alleged incorrect injection of Phenergan into Plaintiff's buttock. Compl. ¶ 2. In June 2002, Plaintiff went to the emergency room of Defendant due to nausea, vomiting and diarrhea. *Id.* at.¶ 7. Christopher LaCounte, RN, administered an intermuscular shot of Phenergan in Plaintiff's buttock. *Id.* at ¶ 9. Immediately as the shot was administered, Plaintiff testified during deposition that her leg "shot straight up in the air" and that she felt pain down her sciatica and into her foot. Pl. Ex. B, p. 40. Plaintiff further testified that

she screamed due to the intense pain. *Id.* Plaintiff left the emergency room about thirty minutes after the shot was given and had difficulty bearing any weight on her left foot. Def. Ex. 3, p. 46-47. Since the shot was given, Plaintiff has continued to experience sharp, shooting pains down her left leg and into her foot. Def. Ex. 5, p. 6. At the oral argument, Defendant conceded that Plaintiff suffers from an injury to her sciatic nerve.

Plaintiff seeks to recover damages due to Defendant's medical negligence in the administration of the shot. Christopher LaCounte, RN, testified during deposition that he administered the shot in accordance with the pertinent standard of care. Def. Ex. 2, p. 46. When asked where the shot was administered, Plaintiff indicated the same medically acceptable area as LaCounte. Def. Ex. 1, p. 6. Plaintiff's expert and treating physician, Dr. Melmed testified that the injury suffered by Plaintiff was the result of an improper injection. Pl. Ex. C, p. 8-9. Sue Masoorli, RN, offered an opinion that concurred with Dr. Melmed's assessment. Pl. Ex. G.

## II.     Standard.

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact...and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P 56(c). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits "show that there is no genuine issue as to any material fact." *Id.* When applying this standard, the Court examines the record and reasonable inferences in the light most favorable to the non-moving party. *See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine

issue for trial." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289 (1968)). The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *See Celotex v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *See McGarry v. Pitkin Co.*, 175 F.3d 1193, 1201 (10th Cir. 1999).

**III.   Analysis**

   **Medical Malpractice**

Plaintiff brings an action of medical malpractice. Defendant contends it is entitled to summary judgment on the grounds that there are no genuine of issues of fact and that Defendant was in compliance with the standard of care as a matter of law.

In order to recover for medical negligence, the plaintiff must show "1) the defendant owed [her] a duty recognized by law; 2) the defendant failed to conform to the recognized standard of medical practice in the community; and 3) the actions complained of were the proximate cause of plaintiff's injuries." *Schmidt v. St. Joseph's Hospital*, 105 N.M. 681, 683 (N.M. Ct. App. 1987). The first factor is not at issue. Clearly defendant owed a duty to administer health care to Plaintiff, one of its patients, in compliance with the standard of medical practice. The issue in the instant matter is whether Defendant conformed to the recognized standard of medical practice in the community. Medical experts agree that intramuscular injections given in the buttock are to be administered in the upper outer quadrant of the buttock because of the chance of sciatic nerve damage if administered in a different region. Pl. Ex. C, p. 8; Pl. Ex. G.

Christopher LaCounte, RN, testified during his deposition that he administered the injection of Phenergan in the upper outer quadrant of the Plaintiff's buttock. Def. Ex. 2, p. 46. Moreover, a

few days after the shot was administered, Plaintiff indicated to Dr. Foote that the shot was administered in the upper lateral quadrant of her buttock. Def. Ex. 1, p. 6. Nonetheless, Plaintiff's experts offer circumstantial evidence of medical injury, declaring that the injury Plaintiff suffered a sharp, shooting pain down her leg and into her foot at the time of the injection as well as the consequent nerve damage, would not have occurred unless Defendant was negligent in administering the shot. Pl. Ex. B, p. 40, Pl. Ex. C, p. 8-9; Pl. Ex. G. A genuine issue of fact remains as to whether the shot was administered properly and thus whether Defendant breached its duty of care.

On summary judgment, the Court must examine the record and make all reasonable inferences in the light most favorable to the non-moving party. *Muñoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000). The facts, viewed in the light most favorable to Plaintiff show that Defendant administered a shot of Phenergan into Plaintiff's buttock; Plaintiff felt a sharp pain in her foot immediately afterward; her leg shot up straight which is indicative of improper injection, and she suffered sciatic nerve damage thereafter. Pl. Ex. B, p. 40; Pl. Ex. C, p. 8-9; Def. Ex. 5, p. 6. On these facts, a reasonable jury could conclude that Defendant's action constituted medical negligence. As the record now stands, Defendant is not entitled to summary judgment.

**Punitive Damages**

Punitive damages are appropriate in situations where the offense committed is particularly egregious. *Marler v. Allen*, 93 N.M.. 452, 453 (N.M. Ct. App. 1979). Further, "a prinicipal may be held liable for punitive damages when the principal has in some way authorized, ratified, or participated in the wanton, oppressive, malicious, fraudulent, or criminal acts of its agent." *Albuquerque Concrete Coring Co., Inc., v. Pan Am World Servs., Inc.*, 118 N.M. 140, 143 (N.M. 1994). The record is currently devoid of any evidence that Defendant failed to adequately train its employees or that Defendant "authorized, ratified, or participated" in the acts of its agent, Christopher

LaCounte. Thus, there is nothing in the record that would require giving the jury a punitive damages instruction. U.J.I. 13-1827 N.M.R.A. 2003.

Defendant has met its initial burden by showing that there is an absence of evidence to support Plaintiff's claim for punitive damages. See *Celotex*, 477 U.S. at 323. The burden then shifts to Plaintiff demonstrate a genuine issue for trial on the issue of punitive damages. *McGarry*, 175 F.3d at 1201. Plaintiff has the burden of setting forth specific facts showing there is a genuine issue for trial. *Muñoz*, 221 F. 3d at 1164. In his Response, Plaintiff has submitted nothing that demonstrates a genuine issue for trial in regards to punitive damages. Defendant is entitled to partial summary judgment on the issue of punitive damages.

## IV.   Conclusion

Upon review of the evidence presented on this Motion for Summary Judgment, this Court has determined that Defendant's Motion for Summary Judgment (Doc. 26), filed on August 18, 2003, shall be **DENIED IN PART**; however, the Motion is **GRANTED IN PART** with regard to punitive damages.

_____

**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**
**BY CONSENT AND DESIGNATION**